**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JOSEPH MONETTE** | * | **CIVIL ACTION NO.** |
| | * | |
| | * | **SECTION:** |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| | * | |
| **WALGREEN CO.** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

<u>**COMPLAINT WITH JURY DEMAND**</u>

Plaintiff**,** Joseph Monette, through undersigned counsel files this Complaint against Defendant, Walgreen Co. ("Walgreens"), for violations of Plaintiff's right pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* and the Louisiana State Whistleblower Law as codified by LSA R.S. § 23:967 and respectfully represents as follows:

**INTRODUCTION**

Mr. Monette was employed as a Staff Pharmacist at Walgreens Elysian Fields and St. Claude location, Store # 2262. In or around the Spring of 2023, he discovered that Store # 2262 was engaging in unlawful practices such as permitting unlicensed employees to work and perform the functions and tasks of pharmacy technicians. Upon learning this information, he reported the unlawful practices to his supervisor and district manager. When the supervisor and district manager failed to investigate, Mr. Monette reported the unlawful practices to the Louisiana Board of Pharmacy.

After Mr. Monette made complaints about the illegal activity to Walgreens management and the Board of Pharmacy, he began to experience racial discrimination perpetrated by Walgreens

managers and employees. In May 2023, Mr. Monette reported to Walgreens Human Resources Department that his supervisor made a negative racial remark directed towards him. As a result of both complaints, Mr. Monette became a target for retaliation by Walgreens management and supervisors.

## JURISDICTION AND VENUE

1.

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as it arises under the laws of the United States, and specifically, Title VII of the Civil Rights Act, 42 U.S.C. § 2000, *et seq*.  This Court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as the claims arising pursuant to state law arise out of the same claim and controversy that exists herein.

2.

Venue is proper in the United States District Court for the Eastern District of Louisiana under 28 U.S.C. §1391(b)(1) and (2) because Plaintiff resides in the Eastern District of Louisiana, Defendant has multiple operations in the Eastern District of Louisiana, and a substantial part of the actions asserted arise from activity occurring in Defendants' Store # 2262 located in the Eastern District of Louisiana.

## THE PARTIES

3.

Plaintiff, Joseph Monette, is an adult citizen and resident of Orleans Parish in the State of Louisiana. At all relevant times, Plaintiff held an employment relationship with Defendant.

4.

Defendant is Walgreen Co. ("Walgreens"), a corporation headquartered in Deerfield, Illinois. Walgreens is registered in the State of Louisiana, with a registered agent in Baton Rouge, Louisiana. Defendant was the employer of Plaintiff.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5.

Mr. Monette has satisfied his obligation to exhaust his administrative remedies and, having timely filed Charge No. 461-2023-02908 with the EEOC and receiving the Notice of Suit Rights, brings this original Complaint action within ninety (90) days of his receipt thereof.

**FACTS**

6.

Walgreens owns and operates thousands of retail drug stores nationwide. Walgreens' stores are engaged in the retail sale of pharmaceuticals through the Walgreens Pharmacy Departments.

7.

Mr. Monette is a licensed pharmacist in the State of Louisiana.

8.

Mr. Monette began his employment with Walgreens as a Floater Pharmacist in the Victoria, Texas District (District 353) on June 17, 2016.

9.

On May 26, 2022, Mr. Monette began his employment with the Walgreens store at issue in this litigation, namely, Store # 2262, located at the intersection of Elysian Fields and St. Claude Avenue in New Orleans, Louisiana.

10.

While employed at Store # 2262, Mr. Monette directly reported to the store's Pharmacy Manager, Crystal Beckwith, an African American female in the Pharmacy Department.

11.

The Pharmacy Department staffed licensed technicians to distribute prescription medication, as required by the laws of the State of Louisiana.

12.

Louisiana Revised Statute§ 37:1201 defines the "unlawful practice" of pharmacies. Pursuant to the statute, it is unlawful for any individual to engage in, or assist in the practice of pharmacy unless licensed, registered, and certified by the Louisiana State Board of Pharmacy.

13.

In Spring 2023, Mr. Monette discovered that Store # 2262 was engaging in unlawful practices in violation of La. R.S. § 37:1201.

14.

In or around April 2023, Mr. Monette voiced his complaint to the Pharmacy Manager, Ms. Beckwith. Specifically, Mr. Monette told Ms. Beckwith that Store # 2262 was breaking the law and engaging in unlawful practices by placing unlicensed employees in the role of pharmacy technicians (the "Unlawful Practice Complaint"). The legal requirements of Pharmacy Technicians are outlined in La. R.S. § 46:901, *et seq.*

15.

Mr. Monette further expressed concerns that the Pharmacy would open without the proper pharmacist to technician ratio required by the law.

16.

Ms. Beckwith ignored Mr. Monette's April 2023 complaints, so Mr. Monette reported the store's unlawful activity to the District Manager, Mark Williams.

17.

Neither Ms. Beckwith nor Mr. Williams took measures to remedy the unlawful practices. Instead, Ms. Beckwith and Mr. Williams became increasingly hostile with Mr. Monette.

18.

On a couple of occasions in the summer of 2023, Mr. Monette felt that customers were making demands that were violative of Walgreens' policies and procedures for customer behavior. One customer became angry about Mr. Monette being unable to fill an opioid pain medication. Mr. Monette sought assistance from Walgreens management to remove this customer from the store.  Walgreens failed to offer Mr. Monette any support in handling or banning the unruly customer at Store # 2262.

19.

On or about May 01, 2023, Ms. Beckwith told Mr. Monette that he was not a good fit for the store and that he should quit his employment. Ms. Beckwith suggested that because Mr. Monette is Caucasian, and a significant demographic of Store # 2262's customers and Pharmacy Department employees are African American, he should leave his employment with Walgreens. This event will hereinafter be referred to as the "May 01 Incident."

20.

Following Mr. Monette's formal complaint to Human Resources regarding the May 01 Incident, Walgreens informed him that it would initiate an investigation with Gerard Robinette, an African American asset protection manager.

21.

Walgreens determined that Mr. Monette's Complaint was unsubstantiated.

22.

Following Mr. Monette's Unlawful Practices Complaints, and the May 01 Incident, Mr. Monette became a further target of retaliation.

23.

Ms. Beckwith assigned Mr. Monette a list of unusual duties for a pharmacist, such as janitorial tasks. Ms. Beckwith also interfered with Mr. Monette's schedule. Mr. Monette's Paid Time Off requests were denied.

24.

Mr. Monette persistently complained to Walgreens executives and employees that he had become the target of retaliation.

25.

By June 2023, Store # 2262 continued to engage in the actions giving rise to the Unlawful Practices Complaint.

26.

Mr. Monette escalated his report of unlawful practices to Walgreens' Employee Relations Department and advised of his intent to file a complaint with the Louisiana Board of Pharmacy.

27.

On June 15, 2023, Mr. Monette made a formal complaint to the Louisiana Board of Pharmacy for the unlawful practices of Store # 2262 (the "Board Complaint").

28.

In late July 2023, Mr. Monette notified Mr. Schmidt, the Regional Vice-President for Region 1, about Walgreens' failure to address the May 01 Incident.

29.

At the end of July 2023, Mr. Monette was disciplined by managers from outside of his district. Mr. Monette was told that the reason for discipline was due to a "write-up" of incidents that allegedly occurred in July 2023. Mr. Monette's complaints of retaliation remained unaddressed.

30.

In August 2023, Mr. Monette again complained about the store's failure to employ a licensed / certified pharmacy technician and its unlawful practices.

31.

Also in August 2023, Mr. Monette advised Mr. Schmidt, Mr. Williams, and other Walgreens executives that he intended to meet with the Equal Employment Opportunity Commission on November 09, 2023.

32.

On September 01, 2023, Tom McArthy, a Walgreens Asset Protection Manager, notified Mr. Monette that he was suspended from employment with Walgreens.

33.

On the date he was suspended, Mr. Monette again brought up the store's unlawful practices.

7

34.

While suspended, the district manager, Mr. Williams, called Mr. Monette and notified him that he was being terminated for alleged "ongoing code of conduct violations." Mr. Williams failed to identify which code of conduct provisions Mr. Monette allegedly violated.

**CLAIMS FOR RELIEF**

35.

Mr. Monette suffered economic damages including, but not limited to, the costs associated with loss of wages and the inability to immediately secure equivalent employment.  Mr. Monette also suffered non-economic damage including but not limited to emotional distress, which damages are ongoing.

36.

Mr. Monette's termination violated federal and state law, and resulted in damage to him, for which he is entitled to back pay, front pay, lost benefits, compensation for emotional distress, liquidated/punitive damages (where applicable), attorneys' fees, and any other legal and / or equitable relief to which he may be entitled as a matter of law.

**Count I—Title VII**
**42 U.S.C §§ 2000e**
**Discrimination**

37.

Mr. Monette reasserts each of the facts set forth in this Complaint as if pleaded herein *in extenso*.

38.

Mr. Monette was discriminated against because of his race (Caucasian).

8

39.

Mr. Monette's race was a motivating factor in the termination of Mr. Monette's employment at Store # 2262.

40.

Mr. Monette was treated differently, and the conditions of his employment were different than those of his African American colleagues in the Pharmacy Department of Store # 2262.

41.

Mr. Monette was discriminated against, written up, suspended, and ultimately terminated from his employment because of his race (Caucasian).

### Count I—Title VII
### 42 U.S.C. § 2000e-3
### Retaliation

42.

Mr. Monette reasserts each of the facts set forth in this Complaint as if pleaded herein *in extenso*.

43.

After filing the May 01, 2023 Complaint, Mr. Monette repeatedly asked Walgreens to investigate.

44.

Following the May 01, 2023 Complaint and the ensuing investigation, several Walgreens employees and executives became aware of Mr. Monette's complaints.

45.

Consequently, Walgreens employees and executives retaliated against Mr. Monette. Specifically, Walgreens changed the terms and conditions of Mr. Monette's employment, which caused Mr. Monette to become the subject of materially adverse employment actions.

46.

In July 2023, Mr. Monette's complaints of racial discrimination also resulted in retaliatory disciplinary action as he was written up by Walgreens management.

47.

Ultimately, because he complained about racial discrimination within his workplace, Mr. Monette was suspended from employment on September 01, 2023. Mr. Monette was then terminated two weeks later.

48.

Upon his termination, Walgreens continued to cause damage to Mr. Monette, interfering with his ability to recover unemployment compensation.

### COUNT IV – Louisiana Employment Discrimination Law
### La. R.S § 23:301.

49.

Mr. Monette reasserts each of the facts set forth in this Complaint as if pleaded herein *in extenso*.

50.

Mr. Monette's supervisor advised him that he should leave his employment because of his race (Caucasian).

10

51.

Mr. Monette was treated differently that his similarly situated employees because of his race.

52.

Mr. Monette was subjected to multiple adverse employment actions by his employer because of his race and because of his racial discrimination complaint filed to Human Resources in May of 2023.

## Count V—Louisiana Whistleblower Statute
## LSA R.S. § 23:967

53.

Mr. Monette reasserts each of the facts set forth in this Complaint as if pleaded herein *in extenso*.

54.

Walgreens violated Louisiana laws relating to the unlawful practices of pharmacies and pharmacists.

55.

Mr. Monette acted in good faith to advise Walgreens of its violations of the law.

56.

Specifically, Mr. Monette reported to Walgreens management that Store # 2262 was in violation of La R.S. § 37:1201, LSA R.S. § 37:1212, and La R.S. § 37:1224, among other Revised Statutes.

57.

Mr. Monette then reported the violations to the Board of Pharmacy on or around June 15, 2023.

11

58.

Walgreens retaliated against Mr. Monette after he reported the violations to Walgreens management and the Louisiana State Board of Pharmacy as more fully stated herein.

59.

Ultimately, Walgreens disciplined, suspended and then terminated Mr. Monette from his employment because of the objection to the unlawful practices of Walgreens.

## DAMAGES

Defendant, Walgreens, has caused Mr. Monette to suffer extensive damages. Such damages include but are not limited to:

A. Lost past and future wages;

B. Compensatory Damages for emotional distress;

C. Punitive Damages;

D. Penalties awarded by Statute;

E. Attorneys' fees awarded by Statute; and

F. All other reasonable fees and costs that Mr. Monette may be entitled.

## DEMAND FOR JURY TRIAL

Mr. Monette requests that this matter proceed before a trial by jury.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff, Joseph Monette, respectfully requests that judgment be entered in his favor and against Defendant, Walgreen Co., and that the Court grant the following requests:

a. Plaintiff requests a trial by jury;

b. Declaratory relief;

12

c.  Judgment against the Defendant for Plaintiff's asserted causes of action;

d.  Award of compensatory damages;

e.  Award of special damages;

f.  Award of punitive damages;

g.  Award of penalties as provided for by the Statute;

h.  Award of costs and attorneys' fees as provided for by statute;

i.  Award of economic losses, including but not limited to back pay, and lost benefits, as established at trial;

j.  Pre- and post-judgment interest; and,

k.  An order for such other and future relief, at law or equity, to which Mr. Monette may be justly entitled.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

RESPECTFULLY SUBMITTED,

_____

**CHELSEA B.  CUSIMANO**, La. Bar No.34857
**M. SUZANNE MONTERO,** La. Bar No. 21361
**KATHERINE B. WELLS,** La. Bar No. 36077
**HALEY JUPTIER,** La. Bar. No. 40416
Sternberg, Naccari & White, LLC
935 Gravier Street, Suite 2020
New Orleans, Louisiana 70112
Phone: (504) 324-2141
Fax: (504) 534-8961
cbc@snw.law | suzy@snw.law | katherine@snw.law | haley@snw.law
Counsel for Complainant, Joseph Monette

13