UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH MONETTE                                            CIVIL ACTION

VERSUS                                                          NO. 24-1272

WALGREEN CO.                                             SECTION "R"


## ORDER AND REASONS


Defendant Walgreen Pharmacy Services Midwest, LLC moves to dismiss plaintiff Joseph Monette's Louisiana Employment Discrimination Law retaliation claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  Plaintiff opposes the motion.[2]  For the following reasons, the Court grants the motion.


## I.    BACKGROUND

Plaintiff was employed by defendant as a pharmacist for Walgreens for seven years.[3]  In May 2022, plaintiff began to work at a New Orleans Walgreens,[4] and by spring 2023, he allegedly discovered that the store was

---

[1]    R. Doc. 8.
[2]    R. Doc. 11.
[3]    R. Doc. 1 ¶¶ 8, 32, 34.
[4]    *Id.* ¶ 9.

employing non-licensed pharmaceutical technicians for roles that legally required licensed technicians.[5]   In April 2023, plaintiff allegedly reported these unlawful practices to his manager and supervisor.[6]   He further alleges that neither the manager nor the supervisor resolved the issue, but both became hostile toward him.[7]   This included one incident in May 2023 when the manager allegedly suggested that plaintiff quit because he was white, and the store's customers and employees were primarily Black.[8]   Following those remarks, plaintiff claims that he made a formal complaint to human resources for the May 2023 incident.[9]   Walgreens's Human Resources personnel conducted an investigation, which determined that the complaint was unsubstantiated.[10]   Plaintiff alleges that he became a target of retaliation after he complained about the May 2023 incident and about the unlawful practices.[11]   The retaliation allegedly included assigning him duties outside of the typical job description for a pharmacist, denying him paid time off, and interfering with his work schedule.[12]

---

[5]     *Id.* ¶¶ 12–13, 15.
[6]     *Id.* ¶¶ 14, 16.
[7]     *Id.* ¶ 17.
[8]     *Id.* ¶ 19.
[9]     *Id.* ¶ 20.
[10]    *Id.* ¶ 21.
[11]    *Id.* ¶ 22.
[12]    *Id.* ¶ 23.

After notifying Walgreens's Employee Relations Department,[13] plaintiff filed a formal complaint in June 2023 with the Louisiana Board of Pharmacy for the unlawful practices of the New Orleans store.[14]  Plaintiff also notified Walgreens's regional vice president in July 2023 about the failure of human resources to address the race-based remarks.[15]  At the end of July 2023, Walgreens's manager allegedly disciplined plaintiff for some of his conduct that occurred within the month.[16]

In August 2023, plaintiff informed Walgreens executives that he intended to meet with the Equal Employment Opportunity Commission in November 2023.[17]  One month later, a Walgreens manager allegedly told plaintiff that he was suspended from his employment with Walgreens.[18]  He asserts that he was terminated for unidentified code of conduct violations.[19]

Plaintiff filed this complaint in May 2024 against Walgreens asserting claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 (42 U.S.C §§ 2000e and 42 U.S.C §§ 2000e-3); for discrimination and retaliation under the Louisiana Employment Discrimination Law

---

[13]     *Id.* ¶ 26.
[14]     *Id.* ¶ 26–27.
[15]     *Id.* ¶ 28.
[16]     *Id.* ¶ 29.
[17]     *Id.* ¶ 31.
[18]     *Id.* ¶ 32.
[19]     *Id.* ¶ 33.

(LEDL) (La. Rev. Stats. §§ 23:301, *et seq.*); and for retaliation under the Louisiana Whistleblower Statute (La. Rev. Stat. § 23:967).[20] Defendant moved to dismiss plaintiff's retaliation claim under the LEDL, asserting that the LEDL does not provide a cause of action for retaliation.[21] Plaintiff argues that LEDL retaliation claims can be brought under La. Rev. Stat. § 51:2256 by virtue of an amendment to that statute and a change in the case law.[22]

The Court considers the motion below.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)), and "that, if true, 'raise a right to relief above the speculative level.'" *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020) (quoting *Twombly*, 550 U.S. at 555). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must accept all well-pleaded facts as true

---

[20]   *Id.* ¶ 37–50.
[21]   R. Doc. 8-1 at 1.
[22]   R. Doc. 11 at 3, 1.

and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* Additionally, the Court may "consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (alteration in original) (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (internal quotation marks omitted)).

## III.   DISCUSSION

### A.   No Retaliation Under the LEDL

"Under the Erie doctrine, [federal courts] are bound in diversity cases to apply the substantive law of the forum state as interpreted by the state's highest court." *Am. Nat'l Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir.

2001).  The Louisiana Supreme Court has recognized that "the starting point for the interpretation of any statute is the language of the statute itself." *Bergeron v. Richardson*, 320 So. 3d 1109, 1111 (La. 2021) (citing *Dejoie v. Medley*, 9 So.3d 826, 829 (La. 2009)).   "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature."  La. Civ. Code art. 9; *Bergeron*, 320 So.3d at 1111–12.  Furthermore, the Louisiana Civil Code recognizes only two sources of law: legislation and custom.  La. Civ. Code art 1.  "Legislation is supreme to custom and will supersede it in every instance."  *Bergeron*, 320 So.3d at 1114; La. Civ. Code art. 3.  "Judicial decisions . . . are not intended to be an authoritative source of law in Louisiana."   *Id.* (citing A.N. Yiannopoulos, *Louisiana Civil Law System* § 35, p. 52 (1977)).  Louisiana does not recognize *stare decisis*.  *See id.* (gathering cases).  A long line of cases with the same reasoning forms "*jurisprudence constante*."  A single decision is not binding on Louisiana courts as in stare decisis, but when there is a series of decisions that form a stream of uniform and homogenous rulings with the same reasoning, *jurisprudence constante* applies and has "considerable persuasive authority."   *Id.* at 115 (citing James L. Dennis, *Interpretation and Application of the Civil Code and the Evaluation of*

*Judicial Precedent*, 54 La. L. Rev. 1, 15 (1993)).  A rule of law becomes part of Louisiana's custom under La. Civ. Code art. 3 and is enforced as a law of the state only when Louisiana courts *consistently* recognize a long-standing rule of law outside of legislative expression.  *Id.*

The Louisiana Employment Discrimination Law (LEDL), La Rev. Stats. §§ 23:301, *et seq*., provides a private cause of action for unlawful discrimination in employment.  La. Rev. Stat. § 23:303(A) ("A plaintiff who has a cause of action against an employer, employment agency, or labor organization for a violation of this Chapter may file a civil suit in a district court seeking compensatory damages, back pay, benefits, reinstatement, or if appropriate, front pay, reasonable attorney fees, and court costs.").  Section 332(A)(1) of Chapter 23 prohibits an employer from engaging in race- and color-based discrimination.  An individual alleging such discrimination can assert a cause of action directly under Chapter 23.  But a cause of action for retaliation—discrimination based on an employee's opposition to or reporting of an employer's unlawful conduct—is a separate claim.  The LEDL does not contain a general prohibition against retaliation.  Further, its section on race-based discrimination does not provide a cause of action for retaliation against those who oppose race-based discrimination.  That other sections of the LEDL—such as the section prohibiting age-based

discrimination, La. Rev. Stat. § 23:312(D), and the section prohibiting sickle cell-based discrimination, La. Rev. Stat. § 23:352(D)—expressly prohibit retaliation against employees opposing such unlawful discrimination highlights that such a cause of action is not available for race-based discrimination under the LEDL. *See* La. Civ. Code art 13 ("Laws on the same subject matter must be interpreted in reference to each other."). Based on the plain text of the statute, there is no cause of action for retaliation for opposing racial discrimination under the LEDL.

Plaintiff points to a 2014 amendment to the Louisiana Commission on Human Rights Act (LCHRA), La. Rev. Stats. §§ 51:2242–2245, as authority for a retaliation claim under the LEDL for opposing race-based discrimination. In 2014, the Louisiana legislature amended the LCHRA's retaliation provision to make it applicable to the LEDL. The amendment added the language shown in bold below:

> "It shall be an unlawful practice for **an employer as defined in R.S. 23:302** to conspire . . . [t]o retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this Chapter **or by Chapter 3-A of Title 23 of the Louisiana Revised Statutes of 1950**, or because he has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this Chapter **or by Chapter 3-A of Title 23 of the Louisiana Revised Statutes of 1950**."

8

La. Rev. Stat. § 51:2256(1) (emphasis added).  Plaintiff contends that, because this provision now covers Chapter 3-A of Title 23, which is the LEDL, it authorizes a cause of action for all retaliation claims brought under the LEDL.

But the amendment is not so broad.  By the plain language of the statute, the amendment makes it unlawful for employers "to *conspire*" to retaliate against employees who report illegal employment discrimination under the LEDL.  It does not proscribe retaliation unless it includes a combination or agreement of two or more persons to retaliate.[23]  *See Liner v. Terminix Pest Control, Inc.*, No. CV 22-3698, 2023 WL 8005008, at *9 (E.D. La. Nov. 17, 2023) (Plaintiff did not state a claim under Section 51:2256 for retaliation when he "fail[ed] to plead any facts demonstrating that two or

---

[23]  Under Louisiana law, a conspiracy requires two or more people to combine or agree to accomplish some prohibited act.  *See* La. Civ. Code art. 2324 ("He who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act."); *Rush v. Town of Farmerville*, 156 La. 857, 867 (1924) ("A 'conspiracy' is a combination of two or more persons to do something unlawful."); *Payne v. Stanley*, 316 So. 3d 104, 112 (La. App. 2d Cir. 2021), *writ denied*, 2021-00480 (La. 2021), 316 So.3d 445 (defining civil conspiracy as "a plan by two or more persons to accomplish some unlawful, immoral, criminal, or evil purpose"); *Markiewicz v. Sun Constr., L.L.C.*, 328 So. 3d 487, 498 (La. App. 1st Cir. 2021) (same); *Walker v. Am. Honda Motor Co.*, 640 So. 2d 794, 797 (La. App. 3d Cir. 1994) (same), *Boucree v. New Orleans E. Hosp. Found.*, 380 So. 3d 653, 659 (La. App. 4th Cir. 2023) (same).

9

more people conspired in the alleged retaliation."). Thus, by its terms, Section 51:2256 provides a cause of action only for conspiracies to retaliate against those who oppose violations of the LEDL. Further, the 2014 amendment did not amend the LEDL itself. The conspiracy to retaliate cause of action arises under the LCHRA, not the LEDL.

### B.   No *Jurisprudence Constante* Warrants a Different Rule

There is not a long line of cases with similar reasoning and homogenous rulings that support a new rule of law outside of legislative expression. The Louisiana Supreme Court has not decided the issue of the existence, *vel non*, of a cause of action for race-based retaliation under the LEDL. The U.S. Fifth Circuit has issued a handful of opinions relating to the matter, but they provide conflicting guidance. *Compare Morales v. New Orleans City*, 2024 WL 3026779, at *6 n.10 (5th Cir. 2024) (finding that there is a cause of action for race-based retaliation under the LEDL because the state antidiscrimination law is similar to federal antidiscrimination law), *and McCoy v. City of Shreveport*, 492 F.3d 551, 556 n.4 (5th Cir. 2007) (same), *with Glover v. Smith*, 478 F. App'x 236, 453 (5th Cir. 2012) (finding that the LEDL does not provide a cause of action for retaliation for racial

discrimination), *and Corley v. State through Div. of Admin., Office of Risk Mgmt.*, 498 F. App'x 448, 451 (5th Cir. 2012) (same).

As for Louisiana's appellate courts, very few have confronted this issue, and their holdings differ. *Compare Hartley v. Univ. of Holy Cross*, 370 So. 3d 1151, 1159 (La. App. 4th Cir. 2023) (finding a cause of action for racial discrimination retaliation because the LEDL and federal antidiscrimination law mirror each other), *with Lowry v. Dresser, Inc.*, 893 So. 2d 966, 968 (La. App. 3d Cir. 2005) (finding no cause of action for retaliation after reporting racial discrimination). Federal district courts have confronted this issue, but they are similarly divided and nonprecedential. *Compare Johnson v. Associated Wholesale Grocers, Inc.*, No. CV 18-5919, 2019 WL 1572485, at *8 n.12 (E.D. La. Apr. 11, 2019) (holding that there is a cause of action for retaliation because "Louisiana courts and federal courts applying Louisiana law have routinely looked to federal jurisprudence to interpret Louisiana employment discrimination statues"), *with Johnson v. J P Morgan Chase Bank*, N.A., 293 F. Supp. 3d 600, 615 (W.D. La. 2018) ("[T]he LEDL does not recognize a claim for retaliation. . . . Rather, under La. Rev. Stat. § 51:2256, an employer is prohibited from conspiring to retaliate.").

Besides the absence of *jurisprudence constante* supporting an LEDL retaliation claim, the cases that find such a claim are based on a flawed

premise.   They usually rely on the observation that the state antidiscrimination law, the LEDL, mirrors the federal antidiscrimination law, Title VII, and that they are similar in scope.   *See, e.g.*, *Hartley v. Univ. of Holy Cross*, 370 So. 3d 1151, 1159 (La. App. 4th Cir. 2023) (The "LEDL mirrors federal employment discrimination law," which makes federal jurisprudence relevant in construing it.).   The cases that follow this reasoning do not rely on LCHRA's cause of action or on any retaliation language in the LEDL itself.   Rather, they reason that because the LEDL and Title VII are similar in scope, and because Title VII has a general retaliation cause of action under 42 U.S. Code § 2000e–3, the LEDL must have one too.

But this argument fails to recognize the difference between a retaliation claim and a discrimination claim.   Under Title VII, retaliation is found in a separate statutory provision, distinct from the sections on discrimination.   *See Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 351 (2013) (noting that "Title VII's antiretaliation provision, which is set forth in § 2000e–3(a), appears in a different section from Title VII's ban on status-based discrimination" to distinguish the two); *see Burkhart v. Am. Railcar Indus., Inc.*, 603 F.3d 472, 476 (8th Cir. 2010) (comparing the two statutory provisions to determine that "[r]etaliation is a cause of action under Title VII separate and distinct from sex discrimination.").   The scope

of a retaliation claim is different: it addresses different harms, independent of discrimination, and it protects different interests.  *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006) ("[W]e conclude that Title VII's substantive provision and its antiretaliation provision are not coterminous. The scope of the antiretaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm.").   And the proof requirements of a Title VII discrimination claim and Title VII retaliation claim are discrete, as they have different causation requirements, elements, and legal standards.  *Nassar*, 570 U.S. at 360 (holding that the causation requirement for retaliation is but-for causation, while the causation requirement for discrimination is the motivating factor standard).  *Compare id.* (listing the elements of a prima facie case of racial discrimination), *with Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009) (listing the prima facie elements of retaliation); *McElroy v. PHM Corp.*, 622 F. App'x 388, 391 n.4 (5th Cir. 2015) ("[T]he standards for an adverse employment action under Title VII are different depending on whether the claim is for discrimination or for retaliation."); *Alexander v. Brookhaven Sch. Dist.*, 428 F. App'x 303, 309 (5th Cir. 2011) ("The legal standard applicable to a Title VII retaliation claim is distinct from that applicable to a Title VII discrimination claim.").  Thus, federal courts consider retaliation a

13

separate cause of action from discrimination.  *See, e.g., Davis v. Fort Bend Cty.*, 765 F.3d 480, 489 (5th Cir. 2014) (noting that Title VII retaliation claims are "[s]eparate from" discrimination claims); *Brown v. TWA*, 127 F.3d 337, 342 (4th Cir. 1997) (determining that, compared to discrimination, "retaliation is the basis for a separate cause of action under Title VII"); *Graves v. Dillon Cnty. Bd. of Educ.*, No. 4:14-CV-650-PMD-KDW, 2015 WL 139492, at *1 (D.S.C. Jan. 12, 2015) (remarking that Title VII race discrimination and retaliation are "distinct causes of action"); *Small v. Oregon Health & Sci. Univ.*, No. 3:23-CV-01290-JR, 2024 WL 4137484, at *4 (D. Or. Aug. 5, 2024), report and recommendation adopted, No. 3:23-CV-01290-JR, 2024 WL 4136263 (D. Or. Sept. 9, 2024) ("[I]ndividual discrimination claims are distinct from retaliation" under Title VII.).  For these reasons, even if the LEDL and Title VII are similar in scope as to discrimination claims, the same is not true with respect to the separate statutory claim of retaliation.

Additionally, this argument does not take into account that Louisiana law has an express provision in La. Rev. Stat. § 51:2256 that directly relates to retaliation under the LEDL, and it is narrower than the federal law. Reading a broader scope into the law is improper because, as noted above, "[c]ustom may not abrogate legislation."  La. Civ. Code art 3.

Based on a straightforward reading of the statutes, the Court holds that the LEDL does not provide a cause of action for retaliation for opposing race-based discrimination.  The LCHRA, through La. Rev. Stat. § 51:2256, does provide a claim for conspiracy to retaliate based on discriminatory actions prohibited under the LEDL, but that claim is only for conspiracies, and it arises under Section 51:2256, not the LEDL.

Plaintiff's complaint does not allege a conspiracy to retaliate.  While it is true that "[t]he form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim," *Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 167 (5th Cir. 2000) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 604 (5th Cir. 1981)), plaintiff fails to plausibly allege facts showing there was an overt agreement to retaliate or facts from which an agreement to retaliate could reasonably be inferred.[24]  *See Payne v. Stanley*, 316 So. 3d 104, 112, (La. App. 2d Cir. 2021), *writ denied*, 2021-00480 (La. 2021) ("[T]o recover under a theory of civil conspiracy, a plaintiff must show that an agreement existed among the defendants to commit the tortious act which caused the plaintiff's injury."); *Liner v. Terminix Pest Control, Inc.*, No. CV 22-3698, 2023 WL 8005008, at *9 (E.D. La. Nov. 17, 2023) (Plaintiff did not state a

---

[24]     *See supra* note 23 and accompanying text.

claim under Section 51:2256 for retaliation when he "fail[ed] to plead any facts demonstrating that two or more people conspired in the alleged retaliation."). Further, plaintiff does not purport to plead a claim under Section 51:2256.[25] The Court therefore dismisses plaintiff's LEDL retaliation claim.

### C.   Leave to Amend

Plaintiff seeks leave to amend his complaint to include a proper cause of action.[26] The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Nevertheless, leave to amend "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is deemed futile if, for instance, "it would fail to survive a Rule 12(b)(6)

---

[25]   Plaintiff asserted a claim for "adverse employment actions by his employer . . . because of his racial discrimination complaint filed to Human Resources in May of 2023" under La. Rev. Stat. § 23:301. R. Doc. 1 at ¶ 52.

[26]   R. Doc. 11 at 1.

motion." *Marucci Sports, L.L.C. v. Nat'l Coll. Athl. Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

The Court finds that amendment of plaintiff's LEDL claim would be futile.  Because there is no retaliation cause of action under the LEDL, no amendment of the facts would be sufficient.  But, the Court grants leave to amend the complaint to add a claim for conspiracy to retaliate under La. Rev. Stat. § 51:2256 and to allege facts plausibly suggesting the existence of a conspiracy.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss plaintiff's LEDL retaliation claim.  The Court grants Plaintiff twenty-one days to amend the complaint consistent with this Order.

New Orleans, Louisiana, this __18th__ day of October, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE